# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| ANTONE L. A. KNOX, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | Case No. CIV-12-547-W |
|  | ) |  |
| JANA MORGAN, et al., | ) |  |
|  | ) |  |
| Respondents. | ) |  |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se* and *in forma pauperis*, brings this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter was referred to the undersigned Magistrate Judge by United States District Judge West for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Petitioner, a prisoner in the custody of the Oklahoma Department of Corrections, is currently incarcerated at the Oklahoma State Penitentiary, McAlester, Pittsburg County, Oklahoma, which is located within the territorial jurisdiction of the Eastern District of Oklahoma. 28 U.S.C. §116(b). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000)(citation omitted). Consequently, this court lacks jurisdiction over his Petition. Nevertheless, "[j]urisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court transfer such an

action if the transfer is in the interest of justice." *Id.* at 1150 (citation and internal quotation marks omitted). This provision has been interpreted in this circuit to provide a court with discretion to determine whether to transfer an action or instead to dismiss the action without prejudice. *Trujillo v. Williams*, 465 F.3d 1210, 1222-1223 (10th Cir. 2006).

It appears that Petitioner is challenging how his sentence is being calculated or credited by prison officials at the Oklahoma State Penitentiary. Petitioner indicates that he exhausted or attempted to exhaust administrative and state court remedies. There are no statute of limitations or other issues that would mitigate against a transfer of the instant Petition to the proper district court for disposition. Therefore, it is recommended that in the interest of justice the action be transferred to the United States District Court for the Eastern District of Oklahoma.

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

Accordingly, it is recommended that this 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus be transferred to the United States District Court for the Eastern District of Oklahoma. The Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before June 5, 2012, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

**ENTERED** this 16th day of May, 2012.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE