IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ANTONE LAMANDINGO KNOX,

    Petitioner,

v.

    Case No. CIV 12-255-RAW-KEW

RANDALL G. WORKMAN, Warden,

    Respondent.

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, has raised three grounds for relief. Although his handwritten petition is extremely difficult to read and understand, he apparently is presenting the following claims:

    I.    Petitioner was denied restoration of earned credits for a false Offense Report in violation of his rights of due process and equal protection, and there is discrimination and racial profiling at his facility.

    II.    The warden, warden's assistant, and other prison officials have returned his requests to staff and grievance on false grounds.

    III.    Petitioner was denied indigent envelopes to send privileged and non-privileged mail concerning a misconduct appeal, possibly related to an allegedly false offense report.

The respondent alleges petitioner's claims in Grounds II and III concern the conditions of his confinement, so those issues only may be raised in a civil rights complaint, pursuant to 42 U.S.C. § 1983. Again, petitioner's documents are very unclear, but it appears to the court that the only allegations that are appropriate for this § 2241 habeas corpus petition concern the alleged improper denial of his earned credits. A § 2241 habeas petition challenges the execution of a prisoner's sentence, including the loss of earned credits. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Therefore, all claims that do not

concern the alleged denial or loss of earned credits are dismissed without prejudice.

Regarding the claims that are proper under 28 U.S.C. § 2241, the respondent alleges petitioner has failed to exhaust his administrative remedies. Petitioner has attached copies of documents related to an Offense Report for False Allegations that was issued after he submitted a Request to Staff with false allegations against prison staff on April 9, 2012 [Docket No. 1-1 at 2-9]. Petitioner also has included a copy of the Offender's Misconduct Appeal Form for the offense committed on April 9, 2012. The respondent has submitted an affidavit concerning petitioner's failure to exhaust his numerous grievances that cannot be considered in this habeas action [Docket No. 27-3]. The exhaustion of petitioner's misconduct appeal, however, has not been addressed by the respondent.

Petitioner has filed a motion for an evidentiary hearing [Docket No. 28]. The motion, however, merely restates some of the allegations in the petition and makes only conclusory claims that he is entitled to habeas relief. The court finds he has not shown an evidentiary hearing is warranted, so the motion is denied.

He also has filed two motions to dismiss this action without prejudice to filing an amended petition within twelve months, because he alleges this action has been prolonged by the court's bias, prejudice, and discrimination [Docket Nos. 37 & 38]. Again, petitioner's allegations are unsupported and conclusory. Furthermore, he apparently is asking the court to grant him additional time beyond the one-year statute of limitations imposed by 28 U.S.C. § 2244(d) for filing a habeas corpus action. There is, however, no authority for such an extension or for tolling the limitations period under these circumstances. Therefore, his motions to dismiss are denied.

**ACCORDINGLY,** the respondent's motion to dismiss [Docket No. 27] is GRANTED with respect to petitioner's claims concerning the conditions of his confinement, and those claims are DISMISSED WITHOUT PREJUDICE from this action. The respondent's motion to dismiss is DENIED regarding petitioner's habeas corpus claim arising from his misconduct for False Allegations, and the respondent is directed to advise

the court within twenty-one (21) days whether petitioner has exhausted this remaining claim concerning his loss of earned credits that resulted from the misconduct. Petitioner's motions for an evidentiary hearing [Docket No. 28] and his motion to dismiss [Docket Nos. 37 & 38] are DENIED.

**IT IS SO ORDERED** this 21st day of March 2013.

_Ronald A. White_
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**